# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TYRONE K. WHITE** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **BETHESDA PROJECT INC.** | : | NO. 16-2309 |

FILED
JUL 2 8 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

## MEMORANDUM

**JONES, J.**                                                                 JULY    , 2016

    Plaintiff Tyrone K. White, who is proceeding *in forma pauperis*, initiated this civil action against the Bethesda Project Inc. The Court dismissed plaintiff's initial complaint and his amended complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Currently before the Court is plaintiff's second amended complaint. For the following reasons, the Court will dismiss the second amended complaint for failure to state a claim.

    In his initial complaint, which plaintiff filed using this Court's form compliant for employment discrimination, plaintiff alleged that an employee of the Bethesda Project illegally singed his name to a document in 2013, that his medical records were stolen, and that he was being harassed. The Court dismissed the complaint without prejudice for failure to state a claim because plaintiff had not alleged a factual basis for an employment discrimination or a civil rights claim. Plaintiff responded with a letter, which the Court construed as an amended complaint raising claims that plaintiff was discriminated against due to a perceived disability. However, because plaintiff again failed to provide a sufficient factual basis for his claims, the Court dismissed the amended complaint without prejudice to plaintiff filing a second amended complaint.

In his second amended complaint, plaintiff names the Bethesda Project and three of its employees as defendants. He appears to be raising claims pursuant to 42 U.S.C. § 1983 and the Fair Housing Act. He alleges that the defendants "illegally and deliberately incorrectly signed a name very similar to [his]," and that one of the defendants "illegally and incorrect[ly] conducted [a] Vulnerability Index Survey." (Compl. ¶ III.C.) Plaintiff does not elaborate on those allegations but suggests that he is the victim of discrimination and that his constitutional rights have been violated.

As plaintiff is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the second amended complaint if it fails to state a claim. To survive dismissal for failure to state a claim, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

Plaintiff's allegations fail to set forth a plausible basis for a federal claim. It is not clear from the complaint how the defendant's actions violated any federal statute or how those actions could be the product of illegal discrimination. As plaintiff has been given two attempts to state a claim but has been unable to do so, the Court concludes that further efforts would be futile. Accordingly, the Court will dismiss this case with prejudice. An appropriate order follows, which shall be docketed separately.